## MORRIS v. BURLEY.

1. **Roplevin:** PLEADING: SPECIAL INTEREST: MONEY JUDGMENT. Action to recover certain property, or a judgment for its value. Plaintiff alleged that he, as agent of another, had a special property in certain described books of the aggregate value of two hundred and fifty-nine dollars. *Held* that this was a sufficient statement of the value of his special property to entitle him to a money judgment in case the books could not be found, because his interest was equal to the value of the books.

2. **Verdict:** EVIDENCE TO SUSTAIN ON APPEAL. A verdict which finds some support in the evidence will not be set aside on appeal on the ground that it is not sustained by sufficient evidence.

3. **Replevin:** SPECIAL PROPERTY: FORM OF VERDICT. The court instructed the jury, if they found for plaintiff, to state in the verdict that he was entitled to the possession of the goods as agent, and the value of his interest therein. The verdict was for plaintiff, without saying "as agent." *Held* that there was no prejudicial error in rendering judgment upon the verdict in favor of plaintiff for the value of his interest as found.

*Appeal from Benton District Court.*—HON. L. G. KINNE, Judge.

FILED, MARCH 8, 1888.

ACTION to recover specific personal property. The petition states "that plaintiff has a special property in certain books (described in the petition) of the aggregate value of two hundred and fifty-nine dollars; that he is entitled to the immediate possession of the same; that he was in the possession thereof, as agent of P. F. Collier; that defendant wrongfully detains possession of the same; * * * that the alleged cause of detention * * * is that the defendant claims to have a hotel-keeper's lien on them for the board of H. R. Richardson and one Stearns." Wherefore judgment was asked that said property be delivered to the plaintiff, or for the value thereof if the same could not be.

found. The answer denies some of the allegations of the petition, but admits that defendant took possession of the goods on the ground stated in the petition. Trial by jury; verdict and judgment for the plaintiff for the value of the goods. The defendant appeals.

*Chas. A. Clark* and *J. J. Mosnat*, for appellant.

*Scrimgeour & Sweet*, for appellee.

SEEVERS, C. J.—I. Counsel for the appellant insist that the petition simply states that the plaintiff

1. REPLEVIN: pleading: special interest: money judgment.

has a special property in the goods, and does not allege the value of such right, and, therefore, he is not entitled to a judgment for the value of the property, although he has been deprived of the possession thereof. We do not think this is a fair construction of the petition. It is therein stated, in substance, that the plaintiff was in possession of the goods as agent of one Collier, and that the value of such goods is two hundred and fifty-nine dollars, and that the defendant has deprived the plaintiff of the possession of the goods. If the plaintiff had a special property in the goods of the value stated, it seems to us his interest or right is as great as such value, and if possession of the goods is taken by another, he is entitled to have them returned to his possession. This must be so, and it logically follows that, if he cannot obtain the goods, he is clearly entitled to a judgment for the value thereof. There was evidence tending to sustain the allegations of the petition.

II. It is contended that, under the statute, an innkeeper has a lien upon all property under the control

2. VERDICT: evidence to sustain on appeal

of his guests, and the court so instructed the jury. By the verdict the jury must have found that neither Richardson nor Stearns had such possession or control, and we cannot interfere with such finding, for the reason that there is evidence on which the verdict can be properly and fairly based. Nor can we, under the evidence, say the verdict is excessive.

III. The court, in substance, instructed the jury,

if the finding was for the plaintiff, to state in the verdict that he was "entitled to the possession of the goods as agent," and the value of his interest therein. The verdict is in favor of the plaintiff without saying "as agent," and the judgment follows the verdict. The petition and the entire record show that the plaintiff was not the absolute owner of the goods; but, as defendant wrongfully deprived him of the possession thereof, we are unable to see why the defendant can insist that he is in any respect prejudiced if the goods are returned to the plaintiff as principal or agent, and this, it seems to us, is true as to the money judgment. It is said the owner of the goods may bring an action against defendant for the value thereof. Conceding this, we are unable to see that the defendant would, in such case, have been protected if the jury had found the plaintiff was entitled to the possession as agent, and the judgment had followed the verdict. We do not think there is any prejudicial error in the record, and, therefore, the judgment of the district court is

